MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2019 ME 68
Docket:        Han-18-451
Submitted
  On Briefs:   April 24, 2019
Decided:       May 9, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## IN RE CHILD OF SHAYLA S.

PER CURIAM

[¶1]    Shayla S. appeals from a judgment of the District Court (Ellsworth, *Roberts, J.*) terminating her parental rights to her child pursuant to 22 M.R.S. § 4055(1)(B)(2)(a), (b)(i)-(ii), (iv) (2018).  The mother contends that the standard of proof in termination of parental rights cases is constitutionally inadequate.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  The following facts are drawn from the court's findings, which are supported by the evidence, and from the procedural record.  *In re Children of Corey W.*, 2019 ME 4, ¶ 2, 199 A.3d 683.  On November 2, 2016, two days after the child was born, the Department of Health and Human Services filed a child protection petition and a request for a preliminary protection order.  *See* 22 M.R.S. §§ 4032, 4034 (2018).  The petition alleged that the mother had a long history of serious mental health issues that had at times required

hospitalization, that she had not been receiving medications or mental health services to address her significant diagnoses, and that she had been involved with law enforcement on multiple occasions due to concerns about her being assaultive and about her mental health. The court granted the request for a preliminary protection order. On November 10, 2016, the court held a summary preliminary hearing. At the hearing, the court entered an order continuing the placement of the child with the Department. The court then held an uncontested jeopardy hearing as to the mother[1] on February 27, 2017, and entered an order finding that the child was in jeopardy.

[¶3] On February 2, 2018, the Department filed a petition for termination of the mother's parental rights. *See* 22 M.R.S. § 4052 (2018). The court held a hearing on the petition on August 29 and 31, 2018, and issued an order granting the Department's petition on October 26, 2018. *See* 22 M.R.S. §§ 4054, 4055 (2018). Based on the testimony presented at the hearing and other competent evidence in the record, the court found by clear and convincing evidence that the mother was unwilling or unable to protect the child from jeopardy and that those circumstances were unlikely to change within a time reasonably calculated to meet the child's needs, that the mother was unwilling or unable to

---

[1] The father of the child has not yet been identified.

take responsibility for her child within a time reasonably calculated to meet the child's needs, that the mother had failed to make a good faith effort to rehabilitate and reunify with the child, and that it was in the best interest of the child that the mother's parental rights be terminated. *See id.* § 4055(1)(B)(2)(a), (b)(i)-(ii), (iv).

[¶4] The court based its decision on the following findings of fact, all of which are supported by competent evidence in the record.

> [The mother] has a history of impulsive and assaultive behaviors. She made progress moderating her aggressive behaviors and learning to accept guidance and suggestions from providers. Unfortunately, she failed to address her underlying history of trauma. [The mother] has not demonstrated an ability to translate her work in therapy into behavioral change. She refuses to consider guidance from those she perceives as a threat, including DHHS caseworkers and [the foster mother]. Her interactions with [the child]'s foster mother and DHHS caseworkers are continually conflictual. Her decisions to drop out of medication management and post false allegations on social media demonstrate her continuing impulsive behavior.
>
> . . . .
>
> [The child] cannot wait any longer for her mother to begin to make the changes needed to meet her needs. She has been in foster care for almost all of her 2 years of life. She needs a permanent home.
>
> . . . .
>
> [The child] has settled into a comfortable routine at the [foster] home. She has spent a significant portion of her life in their

4

care. . . . The Guardian *ad litem* supports termination of [the mother's] parental rights and agrees that adoption is in [the child]'s best interest.

[¶5]  Following the issuance of the judgment terminating her parental rights, the mother timely appealed.  *See* 22 M.R.S. § 4006 (2018); M.R. App. P. 2B(c)(1).

## II.  DISCUSSION

[¶6]  The mother challenges the constitutional adequacy of the standard of proof in termination of parental rights cases.  She argues that due process requires that the Department prove parental unfitness beyond a reasonable doubt and that the statutory standard burden of proof of clear and convincing evidence, *see* 22 M.R.S. § 4055(1)(B)(2), is constitutionally insufficient.  "We review questions of law, including alleged constitutional violations and statutory interpretation, de novo."  *In re Robert S.*, 2009 ME 18, ¶ 12, 966 A.2d 894.  We presume that Maine statutes are constitutional.  *See Guardianship of Chamberlain*, 2015 ME 76, ¶ 8, 118 A.3d 229.

[¶7]  The Supreme Court of the United States has concluded that requiring proof by clear and convincing evidence in termination of parental rights proceedings satisfies the Constitution because it "adequately conveys to the factfinder the level of subjective certainty about [the] factual conclusions

necessary to satisfy due process." *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also Guardianship of Chamberlain*, 2015 ME 76, ¶ 23, 118 A.3d 229. In *Santosky*, the Court declined to require proof beyond a reasonable doubt in termination of parental rights cases because termination proceedings often require the factfinder "to decide issues difficult to prove to a level of absolute certainty." 455 U.S. at 769. The Court further held that "determination of the precise burden equal to or greater than [clear and convincing evidence] is a matter of state law properly left to state legislatures and state courts." *Id.* at 769-70.

[¶8] We have since affirmed that the standard of proof of clear and convincing evidence is constitutionally sufficient in termination of parental rights cases, *In re Crystal S.*, 483 A.2d 1210, 1210, 1213 (Me. 1984), and stated that "[t]he Maine Legislature appropriately adopted the clear and convincing evidence standard in the statute governing the termination of parental rights," *Guardianship of Chamberlain*, 2015 ME 76, ¶ 23, 118 A.3d 229. We reaffirm today that the standard of proof of clear and convincing evidence adequately protects a parent's due process rights. *See Adoption of Isabelle T.*, 2017 ME 220, ¶ 32, 175 A.3d 639 (stating that "due process requires that findings of unfitness be made by clear and convincing evidence"); *Adoption of Tobias D.*, 2012 ME 45,

¶ 17, 40 A.3d 990 ("Through many years of interpretation, we have concluded that the procedures, burdens, and standards set out in section 4055 constitute the means by which the fundamental constitutional right to parent is safeguarded.").

[¶9]  "We will therefore affirm a judgment terminating parental rights if a review of the record demonstrates, inter alia, that the trial court rationally could have found clear and convincing evidence in that record to support the necessary factual findings as to the basis for termination provided in [section 4055(1)(B)]." *In re H.C.*, 2013 ME 97, ¶ 11, 82 A.3d 80.  Even though the mother has not explicitly challenged the sufficiency of the evidence, we conclude that there is evidence in the record to support the court's findings, by clear and convincing evidence, that at least one ground of unfitness exists, and that the court acted within its discretion in determining that termination is in the child's best interest.

The entry is:

Judgment affirmed.

Jeffrey C. Toothaker, Esq., Ellsworth, for appellant mother

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket number PC-2016-30
FOR CLERK REFERENCE ONLY